Good morning. Good morning. I too have many children and try to keep promises. Thank you, Your Honors. We are here today. Okay, so you are not, you are Alex DeBond? No, Your Honor. My name is Doug Smith and I am here on behalf of Helen. Oh, you're Doug Smith. Okay, Alex DeBond is over there, the change. Yes. Okay, I had a change here, but okay. All right. Well, that's why you need to tell me who you are, because otherwise I'd be calling you Mr. DeBond. Thank you, Your Honor. So to start off, my name is Doug Smith. I'm here on behalf of the appellant. I'd like to reserve two minutes for rebuttal. The reason we're here today is because the appellee, the debtor, Ms. Vasquez, failed to disclose an alleged four-year period of employment violations when she filed her bankruptcy petition on November 17, 2010. This was discovered about two and a half years later when she filed a lawsuit against her employer and her manager. The bankruptcy was reopened in 2014. The trustees settled later in 2014. The bankruptcy court approved the settlement and in that approval, the bankruptcy court said that as to the ten causes of action that were alleged in the underlying employment lawsuit, that all of those causes of action were not related to the bankruptcy. With the exception of two, causes of action seven and eight, were properly property of the bankruptcy estate and therefore those claims were settled and dismissed and extinguished through the bankruptcy court. That was appealed to the U.S. District Court and the U.S. District Court reversed the bankruptcy court in part and said that as to six of those causes of action, the first, the second, the fourth, the fifth, the sixth, and the tenth, that those causes of action were not the property of the bankruptcy estate and therefore those should be preserved on behalf of the appellee, the debtor. The district court was wrong in doing that for several reasons. First, in reversing the bankruptcy court as to those six causes of action, the district court was focused on the wrong question. The district court was applying the wrong legal test. And here's specifically what the district court did wrong. As we know from the U.S. Supreme Court's... My takeoff is the termination and the retaliation. Are you prepared to take that off the table? The termination has already been taken off the table, Your Honor, through the express terms of the settlement with the trustee. So that's cause of action number eight. And the trustee specifically said that that is outside the context of the bankruptcy estate and the settlement and therefore that is preserved. So, yes. What about the retaliation? So as to the retaliation claim, no, Your Honor. And as I'll explain in a moment, there are allegations in the complaint, including allegations that go within one year of the filing of the bankruptcy estate, that show that at least to some extent that retaliation claim is based on pre-petition conduct. And therefore that claim is properly the property of the bankruptcy estate. It should not have been carved out by the district court. It should have been adjudicated the way the bankruptcy court did, which was to include it and dismiss it. So how do we assess the claims arising from conduct that straddles the bankruptcy filing date? It goes pre and post. Right. So let me dig into an example. I'm kind of a practical sort of person. And so I have to understand from the standpoint, okay, since she got fired after, all right, and she's going to, so she goes forward with that, she's going to be able to, she's going to have to say that she got fired for wrong reasons and there's all of that. But some of the reasons, like for example, some of the conduct that happened before is also going to be conduct that happened after. And so how are we going to know what it is at the end? I mean, is it a special verdict or what is the, because there's no requirement of that. Well, what the appellee tells your honor is that in the appellee's view, the only conduct that counts anymore is conduct occurring on or after February 23rd, 2011. So the appellee has already told your honor that in terms of prior conduct, that doesn't count. So the appellee is not seeking to say we want to preserve claims based on conduct that occurred prior to February 23rd, 2011. So in terms of your straddle question, the practical result is the appellee has already said anything that straddles prior to February 23rd, 2011, we don't care. We recognize that is property of the bankruptcy estate, should be flushed. The only thing we're trying to hold onto is February 23rd, 2011 onward. In terms of the other practicality, here's why I'm here today. The reason I'm here today is because if you read the appellee, the debtor's complaint in the underlying employment law lawsuit, and you read through that entire thing, obviously there are many, many, many allegations about pre-petition conduct. The reason I'm here today is I simply want this court to affirm the bankruptcy court's ruling so that the bankruptcy estate, the underlying employers, the appellee all know that anything pre-petition is property of the bankruptcy estate, and is out. The problem with the district court's order is rather than going carefully through the complaint and identifying which causes of action might also be based on pre-petition conduct, the district court's order simply takes the causes of action as one unified thing and says regardless of whether they straddle anything, counts 1, 2, 4, 5, 6, and 10 are in for all purposes. That's the problem. I simply want this court to say that no, causes of action 1, 2, 4, 5, 6, and 10 are out to the extent they rely at all on pre-petition conduct. Now if the appellee wants to argue that, as she says in her brief, as of February 23, 2011, additional things happened that give rise to one or more of these causes of action, great. I'm not arguing with that. What about the economic, I mean the unfair, California's unfair competition? I'm glad Your Honor raised that. Because I'm struggling with that because she partially alleges economic injury, which is one of the elements of stating a cause there that resulted in her termination, but as with claim, I think is it claim 1? The pre-bankruptcy filing of economic injury, one was the refusal of a salary increase. Okay, if she's agreeing that that should be excluded, but then there's going to be economic injury after that too, so how do? Correct. So that illustrates my point, Your Honor. But that was one that the, so the bankruptcy court didn't allow that, right? That claim. Was that, that claim was out, wasn't it? Correct. With the bankruptcy court and it was in with the district court, but I can sort of see that there might be something there. Exactly. So let me amplify on that. So in the district court opinion, where the district court said as to that cause of action, number 10, I'm grabbing it back. It is not part of the bankruptcy estate. Debtor gets to keep it. Here's what the district court said. Since the only injury that can properly be traced to Del Monte's unlawful business practices is lost income resulting from her termination, Vasquez's unfair business practice claim would not have accrued until February 23, 2011 and was therefore not part of the bankruptcy estate. There's a fundamental flaw in that statement and you just recognized it. And that is in paragraph 19 of the debtor's complaint in the underlying employment law case. She specifically alleges pre-petition economic injury. That being the loss of a raise. And in fact, at her deposition, I believe it's ER 230, she says not only did she lose that, but she didn't get a raise for a single year from that point forward. So clearly the debtor had claimed she had suffered economic injury separate and apart from what happened with her termination on February 23, 2011. She alleged pre-petition economic injury spanning four years from 2006 until 2010. Now according to the Supreme Court in the Siegel case, the test here is whether there is a potential claim. And the bankruptcy law looks broadly and generously to define whether a potential claim exists. Clearly on the basis of those allegations, which apparently the district court ignored, there was a potential hypothetical claim for economic injury that would support a 17-200 claim pre-petition. And so that, Your Honor. But what did the bankruptcy court say on that? The bankruptcy court said. You're saying just affirm the bankruptcy court. Correct. Forget about what the district court did. The bankruptcy court got it right. But what did they say on that? Because I'm not sure they got it right. Well, as you know, Your Honor, your review is de novo. So you have a chance to get it right. We've identified why. We try to. We try to make it more than a chance. But so if you're saying affirm the bankruptcy court, I have a problem with what the bankruptcy court did on that. So tell me. Well, then stated differently, what I would say is, Your Honor, what I'm asking you to do is reverse the district court as to cause of action number 10 and hold that that cause of action was property of the estate because of what we've just discussed, all of which is in the record for this court. So let me give you another example of where the district court went wrong. And this is. This is an ER 16 and 17 pages 12 to 13 of the district court's opinion. The district court said since the complaint does not allege that Vasquez brought cells pattern of routine harassing remarks to Del Monte's attention prior to the filing of her DFEH complaint, the court cannot infer that the hostile work environment arose to the point of effecting an adverse employment action. Thus, any of cells discriminatory remarks or harassment occurring prior to Del Monte's termination of Vasquez's employment are, and here's the phrase I want you to focus on, not likely to have subjected Del Monte to liability. To quote Jim Carey in Dumber Dumber, what the district court is saying there is, so what you're saying is I might have a chance. The court said not likely. That means there is a potential claim. Now in the district court's analysis, the district court may have weighed the merits of that claim, which is not what the district court's job was, and determined that it was not likely that Del Monte would be liable. But by saying not likely, the court is recognizing necessarily that there is a potential claim. The odds may be low, but it's there. And again, the U.S. Supreme Court in Siegel case said, if there is a potential claim, then it's property of the bankruptcy estate. And so to me, this statement, say that again? Do you want to reserve your balance? Yes, please. Thank you very much. Good morning, Your Honors. My name is Alex Dabana, and I'm representing Appellee Laura Vasquez. Since the court asked for an appropriate standard, I believe courts have struggled with determining, especially in the case of intangible assets, that, as Your Honor put, straddle. Where do we draw the line? But to the extent there is a standard, I believe when there is an act that's an independent, discreet act that gives rise to liability on its own, that occurs completely per se. But to the extent there is an act that's a post-petition, courts have uniformly held that is not part of the bankruptcy estate. And the termination... I'm not sure that counsel for the trustee quarrels with that. What he's saying is for us to basically clarify that the extent the claims are based on pre-petition conduct, that belongs to the state. Do you have any quarrel with that fundamental clarification that he's asking for? Because he does relate to allegations pre-petition, and the district court didn't separate pre-petition conduct as belonging to the state. So he's asking for that clarification. Do you agree with his statement of the law, that pre-petition conduct belongs to the state? I do not disagree with it in principle, but the only thing I would say to that is that did not have to be an appeal to this court. That could have been a motion in limine filed in the state court that would likely have been a pre-petition. That would likely have been unopposed. The purpose of the appeal, at least when I read the brief, not when I heard oral argument, is that when we presented the case for trial, the way the district court constituted is the only cause of action we would present to the trayer of facts, special and general verdict, would be wrongful termination and retaliation. We wanted to present a discrimination, a failure to accommodate, a failure to engage, and a failure to prevent claim in addition to a wrongful termination. The reason that that's important is those are separate and distinct claims with their own elements, and also they have different measures of damages, different standards for cost, punitive damages and the like, so they are different. So it sounds to me like the parties aren't really disagreeing, but you're saying, oh, if we were to proceed to trial on these claims, we would only focus on post-petition conduct. Correct, Your Honor. And so the other side could sort of like grab back pre-petition conduct via a motion limine or whatever procedure vehicle is available to them, right? If I understand you correctly? That is the takeaway I got from their oral argument, which surprised me because... But the problem with that is the district court's ruling, right? If they didn't appeal it, wouldn't they be bound by what the district court said? I don't believe so, Your Honor, because the district court quite clearly found, which is just on the... It's an excerpt of the records 15, that the adverse employment action that gives rise to the discrimination claim... Let me just give you a straightforward example here. And so maybe the parties are in agreement in terms of how we should handle this case and clarify the record. On the UCL claim, for example, the Unfair Business Practices claim, the district court said that Vasquez is only eligible if the only alleged economic injury was from her termination. And so therefore, essentially, her claim accrued on February 23, 2011. And so as the UCL claim, it's post-petition conduct only and therefore doesn't belong to the state, right? That's how I understand the district court's ruling. The problem is that your theory of the UCL claim also relies on pre-petition conduct. She lost money because during the time she worked there, Del Monte didn't raise her salary. So I think what the trustee is saying is, like, to the extent that UCL claim is based on the failure to raise salary and you're alleging an economic interest based on that, then that belongs to the state. That I do not... So the point from you today is I don't disagree with that, even though we plan it that way, I don't disagree with it. I don't disagree that if the case were to proceed to trial on the UCL claim, the economic injury would stem solely from the termination. So just to clarify, the difference between the bankruptcy court and the district court, in my mind, is the bankruptcy court did not allow a claim to be presented for statutory causes of action. The district court said those claims could be presented. And this isn't... The appeal is not a motion eliminated. There would be a difference between using simply some background facts for evidentiary support but saying that doesn't give rise to liability to saying the claim is foreclosed at all. So that's the distinction that I think could foresee the fight. If the court were simply to say there's no pre-petition conduct, we agree. We would probably argue with the trial court and state court whether to the extent the evidence is admissible merely to show motive or something along those lines. But the difference is if this court were to affirm the bankruptcy court, we would actually be precluded from putting on evidence and asking the trier of fact to make a finding as to those claims. Well, then it sounds like you're on the same page with the trustee then. And if these concessions have been made below, I think the district court might have maybe been a little clearer. But what I hear you saying is that if we were to issue a ruling that basically said multiple of these claims, and there are several here, also allege pre-petition conduct, but we clarify to the extent any of these claims are based on pre-petition conduct that belongs to the state, that that would satisfy you? The only... I believe it would satisfy us. The only concern I would have is that I would want the trial judge to determine on a motion and eliminate whether the evidence is admissible but we would certainly agree it could not give rise to independent liability. But we're not going to issue evidentiary rulings. That's beyond the scope of this appeal. But if we were to clarify to the extent the claims allege damages based on pre-petition conduct, that belongs to the state. If we were to say something along those lines, you think that would be correct? I would agree, Your Honor. I don't believe... I'll ask counsel this trustee the same thing. I think he said already that that would be correct. Well, do you anticipate... You know, you might argue certain things. You know, let's just say that... It's already said that she doesn't... She can't claim that she didn't get a raise, all right? But you're arguing... You know, you're telling her story to the jury about what it was like when she worked at Del Monte and everything... Did I say that right? Del Monte? Yes, I believe so. That's how I've been saying it. That what it was like and what all the events that preceded her being terminated. Well, how would we know with the jury, if you didn't use special verdicts, what they could have factored in, in terms of... Because I could see you arguing something to the effect of, you know, they treated her so badly and they never gave her a raise, and then they fired her, and then the jury goes back... And so she's entitled to, you know, the lost wages, and then the jury goes back and then they decide that, well, she should have gotten a raise, so we're going to calculate her economic losses as if she had gotten X, Y, and Z raise. This is the amount of money that she was out. So how would... Usually, the way that is handled when there's trials in this matter is there is a California jury instruction for adverse employment action, and that is generally modified based on the facts of the case. So to the extent that the raise, which occurred quite a while before termination, was admissible to show a motive, there would be a modified jury instruction that could say there's not room for liability. But the idea is that I believe we would put it in for... The employer did not like people who were sick and disabled, and she was treated badly, but that would, again, that would seem to be a jury instruction issue that's... I would. I just... You know, I don't trust lawyers when they get in the thick of things. Of course, you want to say everything bad about the other side. And it is hard to try a case to completely sanitize what happened. You know, and I don't think that that makes sense, to sanitize what happened prior to the event that someone's claiming to be their adverse. But on the other hand, arguably, juries can decide, well, she didn't get a raise, and, you know, if they're not given proper instruction, then that could be rolled up in it. I think what the district court properly found, though, is the gravamen of the complaint is when Ms. Vasquez turned in a doctor's note with restrictions, which were very mild, no lifting 10 pounds, and she had an administrative job. She did not have to lift on some other, like, appropriate breaks. And the response was, well, you're fired. That is fairly... That on its own is enough to give liability. And, of course, there's background information that may indicate an unlawful motive. But the story... And that's why the district court found that the claim was not part of the bankruptcy estate. The termination is a discrete act that gives rise to actually several causes of action. Disability discrimination, failure to accommodate, failure to engage, and failure to prevent. And we can tell that story using the dates of the... Excuse me, the conduct of the termination with the background information solely for that, for background and for motive. And I will just point out that this was not my... Excuse me. What my friend said at oral argument has, to our understanding, not been their position, either in the bankruptcy court or the district court or in their brief, but it seems their concession means that they are saying we can present these statutory claims that I just mentioned. And that the only thing I would want to point out, just so we're very clear of what the district court did, which is on the agenda, in the excerpt of record at page 20, he specifically said disability and national origin discrimination can be presented to the jury. Failure to prevent harassment and discrimination can be presented to the jury. And failure to accommodate, failure to engage in the interactive process and unfair business practice can be presented to the jury. We simply want an order from this court that affirms that. And I am running a little low on time, but there are just two brief points I wanted to raise. The district court... Yeah, I understand. Just two brief points. The district court found the complaint was not barred by judicial estoppel. They have raised no argument. So to the extent there's any type of reversal, we would specifically ask that this court affirm the district court on that issue or if a remand was necessary to reconsider it in the light of remand. And the district court also never reached the issue of whether the underlying settlement was fair and reasonable. Based on the concessions at oral argument, I can't see how the district court would have to reconsider that. But if there is a remand, we would respectfully ask that the remand include that the court could reconsider that issue in light of the remand since it did not feel the need to reach it based on its original ruling. And if there are no further questions, I do not believe I have other points to raise. The panel does not appear to have additional questions. Thank you for your argument. Thank you very much. I'd just like to make two or three quick points. First, going to what counsel just said about the last page of the district court's order and referring to Judge Callahan, your point about lawyers being sneaky, essentially, trying to get away with things. The district court's order in its conclusion says that the following causes of action are still yours. It doesn't say the following causes of action only as to conduct that occurred post-February 23, 2011. So the district court in its four bullet points saying disability and national origin discrimination, et cetera, et cetera, et cetera, is saying those are in as pled in the complaint, which includes... So if we were to clarify, what's the other side of the coin in saying that pre-petition claims belong to the estate would be to say post-claims or damages based on post-petition conduct belongs to Ms. Vasquez. You would be satisfied with that? I believe so. And let me point to language that Apelli says in its brief.  Apelli says, quote, causes of action could not have been based upon appellant's time-barred pre-bankruptcy petition conduct as a matter of law. That's essentially what we're asking, is that the district court's order be reversed to the extent it would allow the Apelli to pursue causes of action based upon time-barred pre-bankruptcy petition conduct. That's the problem. Well, let's just say that something gets rolled up in there that it's the judgment it clearly has some pre- and then it belongs to the estate. But you already settled on this, right? Correct. For $33,000 or something like that. $33,500, correct. How does that work? If they got judgment for some pre-bankruptcy conduct, but you've already settled that part of it, how will that work? That means those claims have been settled, they have been extinguished, they have been dismissed. They are the property of the bankruptcy estate. They are not the property of the debtor. And therefore, the debtor has no standing to pursue those causes of action. The bankruptcy trustee has already dealt with those, determined what the appropriate course of action is, and settled and dismissed them. And if Your Honors have no further questions, that's all I have.
judges: Callahan, Nguyen, Ezra